UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOOD,<br><br>        Plaintiff,<br><br>        v.<br><br>HIMMELVL, et al.,<br><br>        Defendants. | Case No. 16-02033 EJD (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Martinez Detention Facility ("MDF"). Plaintiff's motion for leave to proceed in forma pauperis will be addressed in a separate order.

## DISCUSSION

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that in September 2013 at MDF, he "signed up for" an optometrist, which he never received.  (Comp. at 3.)  He claims that since the beginning of January 2016, he started experiencing irritation with his eyes, as well as pain, headaches, migraines, blood shot eyes and poor vision.  (Id.)  When he informed Defendants Nurse Himmelvl and Dr. Dennis McBride about these symptoms, they "flat out denied prescribing me pain medications and told me to purchase my own Ibuprofen from commissary."  (Id.)  When he filed a grievance in which he informed Defendant Sam Rosales, the MDF Health Administrator, that the medical staff was being "deliberately careless about [his] medical health," Defendant Rosales told him to contact "Triage."  (Id.)  Plaintiff claims that "Triage medical staff[]" are the "ones acting careless" and being deliberately indifferent to his medical needs.  (Id.)  Therefore, Plaintiff claims that Defendant Rosales is also acting "careless" by referring him to the same people of whom he was complaining.  (Id.)  Plaintiff also claims that Defendants Himmelvl and McBride experimented on him by smearing ointments on his eyes, causing "severe irritation, pains and blood shot, also lost of vision [*sic*]."  (Id.)

This claim must be dismissed because Plaintiff's allegation that Defendants were "careless" and experimenting on him amounts to nothing more than negligence and medical malpractice which are not sufficient to state a violation of the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296

2

F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care). The complaint shall be dismissed with leave to amend for Plaintiff to attempt to state an Eighth Amendment claim as described below.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. In order for deliberate indifference to be established, therefore, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Plaintiff also names Contra Costa County as Defendant, but makes no specific

3

factual allegations against this municipality. (Compl. at 2.) Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, see <u>Board of Cty. Comm'rs. of Bryan Cty. v. Brown</u>, 520 U.S. 397, 403 (1997); <u>Monell</u>, 436 U.S. at 691; <u>Fuller v. City of Oakland</u>, 47 F.3d 1522, 1534 (9th Cir. 1995). Accordingly, to the extent that Plaintiff is attempting to hold Contra Costa County vicariously liable for the alleged actions of its employees, Plaintiff fails to state a claim. Plaintiff may attempt to state a claim against the County as described below, if he can truthfully do so, in the amended complaint.

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See <u>Plumeau v. School Dist. #40 County of Yamhill</u>, 130 F.3d 432, 438 (9th Cir. 1997); <u>Lowry v. City of San Diego</u>, 818 F.3d 840, 855 (9th Cir. 2016) (specifying that the deliberate indifference analysis does not apply to a municipal policy in conjunction with affirmative governmental conduct). Local government does not cause the alleged violation, and therefore is not liable under § 1983, if it does not have the power to remedy the alleged violation. See <u>Estate of Brooks v. United States</u>, 197 F.3d 1245, 1248-49 (9th Cir. 1999) (upholding dismissal of § 1983 excessive detention claim against county because under state statute county did not have power either to release federal detainee or bring him before federal judge).

///

///

///

**CONCLUSION**

For the reasons state above, the complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) da**ys of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 16-02033 EJD (PR), and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. Plaintiff is reminded that the amended complaint supersedes all prior complaints, and Plaintiff may not make references to the original complaint. Claims not included in the amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's form complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:  _____7/28/2016_____        _____
                                         EDWARD J. DAVILA
                                         United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\EJD\CR.16\02033Hood_dwlta