UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOOD,<br>        Plaintiff,<br>    v.<br>HIMMELVL, et al.,<br>        Defendants. | Case No. 16-02033 EJD (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against medical officials at Martinez Detention Facility ("MDF"). On July 28, 2016, the Court dismissed the complaint with leave to amend, for Plaintiff to attempt to state a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs. (Docket No. 6.) Plaintiff has filed a two page document which the Court construes as an amended complaint. (Docket No. 7.)

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that this civil action is "due to the gross medical negligence of the treatment of [his] eye injury that was sustained while [his] stay of incarceration at the Contra Costa County Detention Facility [*sic*]."  (Docket No. 7 at 1-2.)  Plaintiff claims that the "facilities [*sic*] medical staff" are being negligent and not "adhering to the Title 15 subsection 3350" of the California Code of Regulations.  (Id.)

As with the original complaint, Plaintiff's allegations that Defendants are being negligent are insufficient to state a violation of the Eighth Amendment.  See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002);  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see, e.g., McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care).  Furthermore, the failure to adhere to state law, without more, does not state a cognizable federal claim under § 1983.  Plaintiff has been afforded an opportunity to remedy deficiency of his original complaint and has failed to do so.  Accordingly, this action must be dismissed for failure to state a claim under the

Eighth Amendment for deliberate indifference to serious medical needs.

## CONCLUSION

For the reasons state above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Dated: 11/1/2016

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.16\02033Hood_dism